## PLESCIA v. HUMPHRIES.

No. 7775. Decided March 26, 1952. (241 P. 2d 1124.)

See 3 C. J. S., Alteration of Instruments, sec. 54. Negotiable Instruments, alterations affecting date stated in. 2 Am. Jur., Alteration of Instruments, secs. 63, 71; 44 A. L. R. 1248.

*Robert L. Backman,* Salt Lake City, for appellant.

*N. H. Tanner, Nephi Jenson,* Salt Lake City, for respondent.

McDONOUGH, Justice.

This appeal raises but one question, viz., whether the court erred in failing to find that the notes here in question had been materially altered by respondent after delivery without the assent of the appellant.

On or about the first day of July, 1948, appellant, defendant below, executed and delivered to the respondent eleven promissory notes. Ten of said notes were in form demand notes in the sum of $100 each. The first note was dated August 1, 1948. The others were dated respectively the 1st day of the next succeeding nine months. The interest clause on each of said notes was left blank. The eleventh note was delivered in blank, its purpose being to take care of the sum of the interest on the other ten notes. Appellant paid the principal amount of three of the notes as they became due. Upon his default in payment of the

other seven notes, suit was commenced by the plaintiff. The trial court gave judgment for the principal amount of said notes, together with an attorney's fee, as provided in the notes, which the court found to be reasonable and concerning which no complaint is made on this appeal.

It is defendant's contention that after delivery of the notes they had been materially altered by the plaintiff in the following particulars: (1) The plaintiff had written the date when the notes were delivered to him on the top of each note; (2) he had filled in the blank in the interest clause of each note so as to specify the interest rate to be charged defendant; and (3) he had written a due date on each note. Defendant contends that under the provisions of Sec. 61-1-126, U. C. A. 1943, the notes are unenforceable against him. That section provides, *inter alia:*

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. * * *"

Sec. 61-1-127 specifies what is regarded as a material alteration.

The record reveals that the notes were executed and delivered to the plaintiff by the defendant pursuant to an agreement had with a third party, whereby defendant assumed an obligation in the sum of $1,000 owed by said third party to plaintiff. The validity or adequacy of the consideration is not an issue on this appeal. Plaintiff in his testimony admitted that at the time the notes were delivered to him by the defendant the interest rate was not written in the blank provided therefor in the notes. He admitted, likewise, that the due date was not entered on any of the notes. He further admitted that a date written in the upper right hand corner of each of the notes was not on any of them when delivered. As to this latter alleged alteration, it is obvious from an examination of the notes, which were introduced in evidence,

that the date thereon written, July 1, 1948, does not purport to be a part of the body of the note. It was merely written thereon for the convenience of the plaintiff to indicate the date when the several notes were delivered to him. Each of the notes as above indicated was dated, the dates being one month apart. The evidence is without dispute that each $100 note was to become due one month after its date. The notes being dated one month apart, the total obligation of $1,000 was to be paid at the rate of $100 a month. Palpably therefore the writing of the due date in the note was pursuant to a definite understanding as to the due date thereof. The fact that no explicit direction was given by the defendant to the plaintiff to write on the notes the due dates is made much of by the appellant. It is immaterial, since it was the understanding that the due dates of the respective notes were those which were entered by plaintiff.

It is clear from the evidence that when the notes were delivered the plaintiff was to determine the amount within reason that he was to charge as interest. Plaintiff testified that in the conversation which ensued upon delivery of the notes, the defendant stated that he trusted the plaintiff would not be "too hard on him" in the matter of the interest rate.

Defendant has cited in support of his position the quoted provision of the negotiable instruments act which he deems favorable to him, but he entirely disregards the controlling section of the same statute, namely Section 61-1-15, U. C. A. 1943. That section provides in part:

"Where an instrument is wanting in any material particular the person in possession thereof has prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its comple-

tion, it must be filled up strictly in accordance with the authority given and within a reasonable time. * * *"

The record reveals that the plaintiff strictly complied with the foregoing statute. There is no merit to defendant's appeal. The judgment is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.