Fred J. Munder, J.
This is an action to recover the sum of $887.71 due on 9 of a series of 11 promissory notes made and delivered by the defendant to the plaintiff corporation as payee. The complaint sets forth the legal effect of the notes, and in addition alleges they were made pursuant to an agreement entered into between the defendant and the plaintiff. The defendant, in her answer, denies all the material allegations of the complaint. Then, for a separate and distinct defense she sets forth a building contract between herself and one George J. Peters, alleging incomplete performance on his part and the fact that the plaintiff was not a party to the agreement. This clearly does not set forth sufficient facts to constitute a defense to an action on the notes.
On the plaintiff’s motion for summary judgment it does appear that the defendant did in fact enter into a contract for the construction of a dwelling with Peters individually; that the defendant thereupon made out a series of blank notes with the agreed amounts inserted to cover the balance of the contract not covered by the mortgage she was able to obtain; and that the notes were subsequently filled in to designate as payee the plaintiff corporation of which Peters is vice-president.
Under section 33 of the Negotiable Instruments Law the person in possession of an instrument has prima facie authority *790 to complete it by filling in the blanks thereon. Though the presumption of regularity may be rebutted by showing that the paper was not completed strictly in accordance with the authority given, there is no showing here that this was the case. Bather, the defendant indicated her ratification of the manner of completion by paying two of the notes without protest, and by communicating directly with the corporation as such in registering her complaints on the job.
That the consideration was based on an agreement between the defendant and the plaintiff corporation is an allegation that is immaterial to the complaint. (Negotiable Instruments Law, § 50.) Though the agreement was in fact between the defendant and the contractor individually, the plaintiff is not thereby precluded from suing on the notes. It matters not that the consideration for a promise to pay moves from a third party. Nor would the defendant be precluded from setting up a failure of such consideration as a defense against the payee. (Negotiable Instruments Law, § 54.)
However, no such defense is pleaded in the defendant’s answer. Furthermore, though a general want of consideration is alleged by affidavit on the motion, there are no factual statements to show wherein a lack of consideration did lie in order to establish a bona fide defense. The establishment of such facts is essential to defeat a motion made under rule 113 of the Buies of Civil Practice, where supporting affidavits are submitted. (Bentley, Settle & Co. v. Brinkman, 42 N. Y. S. 2d 194.)
The plaintiff is entitled to an order directing summary judgment, but only to the extent of $787.71 with interest and costs, it appearing from the proof submitted that No. 4 of the series of notes sued upon was never signed.
Submit order accordingly.